UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RACHEL A. BRIAN,<br><br>                    Plaintiff,<br>     v.<br>WINDMILL RIDGE, LLC,<br><br>                    Defendant. | Case No. 3:13-cv-00197-MMD-WGC<br><br>ORDER |

On October 20, 2013, plaintiff was directed to file a complaint within 30 days (dkt. no. 4). Because she had not done so by May 19, 2015, this Court issued an order providing Plaintiff an additional fifteen (15) days to file an amended complaint. (Dkt. no. 6.) The fifteen-day period has now expired, and Plaintiff has not filed an amended complaint or otherwise responded to the Court's order.[1]

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v.*

---

[1] In fact, the Court's last two orders were returned as undeliverable. It appears that Plaintiff has failed to file her updated mailing address.

*U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor — public policy favoring disposition of cases on their merits — is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order requiring Plaintiff to file an amended complaint within fifteen (15) days expressly stated: "Failure to file an amended complaint with thirty (30) days may result in dismissal of this action with prejudice." (Dkt. no. 6.) Thus, Plaintiff had adequate warning that dismissal would result from her noncompliance with the Court's orders to file an amended complaint.

///

///

///

1  It is therefore ordered that this action is dismissed with prejudice based on
2  Plaintiff's failure to file an amended complaint in compliance with this Court's orders.

DATED THIS 4th day of June 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE